IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| DEREK JACKSON, #29905 | § | |
| VS. | § | CIVIL ACTION NO. 4:12cv449 |
| GRAYSON COUNTY COURTS | § | |

### REPORT AND RECOMMENDATION OF THE
### UNITED STATES MAGISTRATE JUDGE

Plaintiff Derek Jackson, an inmate confined in the Grayson County Jail, proceeding *pro se* and seeking to proceed *in forma pauperis*, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983. The complaint was referred for findings of fact, conclusions of law and recommendations for the disposition of the case.

Plaintiff is suing the "Grayson County Courts." His statement of claim in its entirety states:

> The Courts will not take me to Court. I been in jail over 2 month and they will not give me a lower bond hearing.

*See* Complaint at 4. The relief Plaintiff seeks is "To go to Court and ask for a lower bond." *Id*. He also attached a copy of a deficiency order issued by a Magistrate Judge of the United States District Court for the Northern District of Texas, Dallas Division, in that Court's case no. 3:12cv2137-N-BK, ordering him to submit a new civil rights complaint and a proper motion for leave to proceed *in forma pauperis* in that case. A review of the docket in that case[1] reveals that Plaintiff filed a similar lawsuit in that Court on July 3, 2012, seeking the same relief.

---

[1] The Court takes judicial notice of the Northern District case pursuant to Fed. R. Evid. 201(b) & (c).

To the extent Plaintiff is seeking to have the federal court direct the state court, identified solely as the "Grayson County Courts," to perform its duties as he wishes, his pleading is construed as a petition for mandamus relief. *See Gowan v. Keller*, 2012 WL 1946834, at *1 (5th Cir. May 30, 2012) (per curiam) (citing *Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973) (per curiam)). However, "[b]ecause federal courts have no authority to issue writs of mandamus directing state courts in the performance of their duties where mandamus is the only relief sought," this Court lacks authority to order the Texas state court to act on Plaintiff's complaint. *See id.*; *Rhodes v. Keller*, 77 Fed. Appx. 261 (5th Cir. 2003) (per curiam); *Burden v. Walker*, 2012 WL 2995673, at *1 (E.D. Tex. July 6, 2012), *adopted by*, 2012 WL 2995702 (E.D. Tex. July 23, 2012).

RECOMMENDATION

It is therefore recommended that the complaint, construed as a petition for writ of mandamus, be **DISMISSED WITH PREJUDICE**.

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations contained in the report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

**SIGNED this 30th day of July, 2012.**

DON D. BUSH
UNITED STATES MAGISTRATE JUDGE